[S. F. No. 8669. In Bank.—October 2, 1918.]

# L. F. NILES, Respondent, v. ROBERT P. KAVANAGH et al., Appellants.

Personal Property Brokers' Act—Object of Statute.—The Personal Property Brokers' Act (Stats. 1911, p. 978) seeks to prevent the lender from receiving as compensation for the use of money anything in excess of two per cent per month, and any device by means of which a greater compensation is exacted is forbidden, despite any attempt to cloak its character under the name of "bonus" or "commission."

Id.—When Transaction not Usurious.—A payment to an agent of the lender is in effect a payment to the lender himself, but where the lender is in no way interested in a charge, or connected with it, the transaction is not to be denounced as usurious.

Id.—Transaction Through Agent—Receipt of Compensation from Both Parties—Valid Loan.—Where a borrower employs an agent to obtain a loan for him, and agrees to pay him a commission, and the lender pays the agent a separate commission, the loan is not usurious even though the lender receives the full legal rate of interest.

Id.—Insurance of Mortgaged Property—Payment of Premium—Constructon of Statute.—The prohibition of the statute against the making of charges for insuring the security or property applies only

where the same would thereby make a greater charge for the money or thing advanced than the rate of two per cent per month, since the premium is not a payment for the loan but simply compensation to the insurer for the risk incurred.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. C. Flannery, for Appellants.

Henry B. Lister, for Respondent.

SLOSS, J.—The plaintiff brought this action to foreclose a chattel mortgage executed by the defendants to secure the payment of their promissory note for six hundred dollars, with interest at two per cent per month. From the judgment, which was in favor of the plaintiff, the defendants appeal.

The execution of the note and mortgage, and the nonpayment of the amount for which judgment was given, are not questioned, the sole claim of the defendants being that the loan evidenced by the note and mortgage was void under the terms of "an act to define personal property brokers and regulate their charge and business." (Stats. 1911, p. 978.) That act defines "personal property brokers" as including, among others, all persons engaged in the business of loaning money upon the security of chattel mortgages. It authorizes such brokers to charge and receive two per cent per month as a benefit or percentage upon money advanced, and declares (section 3) that "no further or other charges either for recording, insuring or examining the security or property, or for the drawing, executing or filing of papers, or for any services or upon any pretext whatsoever beyond the aforesaid charge for interest or discount shall be asked, charged, or in any way received, where the same would thereby make a greater charge for the money or thing advanced than the aforesaid rate of two per centum per month, and where made, all such charges shall be considered and be of the same effect as so much added interest. . . ." Section 4 of the act provides that no such contract of a personal property broker, by which any greater interest rate than two per centum per

month is charged, received, or contracted for "shall be valid or of any force, virtue or effect."

The court found that the plaintiff was not a personal property broker, or engaged in the business of loaning or advancing money as such, and found further, in effect, that she had not charged or received any rate of interest in excess of that permitted by law. These findings are assailed as unsupported. We need not consider the first of them, which becomes immaterial if there was sufficient evidence to justify the findings that the plaintiff had not charged or received interest beyond the lawful rate.

It appears that the plaintiff was a widow, who had been, for a number of years, in the habit of loaning small sums of money upon the security of chattel mortgages. Her transactions were conducted through one Winston, a broker. In the instance under consideration, there was no direct communication between her and the defendants. The latter applied to Winston for a loan upon the security of their household furniture. The loan was made upon the following day, the defendants executing their note for six hundred dollars and their mortgage. They received from Winston the amount specified in the note, less $30, which he claimed as a commission for obtaining the loan. From the sum so advanced, the defendants subsequently paid the sum of $12 as a premium upon a policy insuring the mortgaged property against fire, the loss, if any, being made payable to the plaintiff, as her interest might appear. The mortgage required the borrowers to keep the property thus insured for the protection of the mortgagee.

With reference to the $30 charged by Winston, the court's finding was that Winston acted as agent of both parties, and received the $30 from the defendants as commission for services rendered to them in obtaining the loan. The statute seeks to prevent the lender from receiving as compensation for the use of money anything in excess of two per cent per month. Any device by means of which a greater compensation is exacted is forbidden, despite any attempt to cloak its character under the name of "bonus" or "commission." A payment to an agent of the lender is, in effect, a payment to the lender himself. But where the lender is in no way interested in a charge, or connected with it, the transaction is not to be denounced as usurious. The evidence in this case

justified the court in concluding that the defendants employed
Winston as their agent to obtain a loan for them, and agreed
to pay him $30 for the services rendered by him to them in ob-
taining it.    The plaintiff was not concerned with this charge,
she herself paying a separate compensation to Winston for
his services to her.    The rule generally applied under stat-
utes similar to ours is that under such circumstances com-
missions paid by borrowers to loan brokers "do not render
loans made through them usurious, even though the lender may
receive the full legal rate of interest."    (39 Cyc. 979, and
cases cited.)

The only other ground upon which the validity of the loan
is assailed is that the borrowers, pursuant to the terms of the
mortgage, paid a premium for insuring the property.    The
insurance was for one thousand dollars, an amount consider-
ably in excess of the loan, and ran for three years, a period
which would expire long after the maturity of the note.    In
the absence of anything to show bad faith, the requirement
that the security be protected by insurance, and compliance
with this requirement, did not violate the act.    The prohibi-
tion of the statute against the making of charges for "insur-
ing" the security or property applies only "where the same
would thereby make a greater charge for the money or thing
advanced than the aforesaid rate of two per centum  per
month."    Where a payment does not go to the lender, and is
in no sense a compensation to him for the use of his money,
the requirement that it be made does not violate the law.    It
is a very usual and entirely legitimate practice for one lend-
ing money upon mortgage of real or personal property to
require that the borrower insure the security against loss.    By
so insuring, the borrower is protecting his own property.
He is not paying any additional compensation for the use of
the money.    Even where the lender is an insurance company,
and requires, as a condition of making a loan at full legal
interest, that the borrower take out insurance with it, the
loan is not to be deemed usurious in the absence of evidence
that the premium is in excess of the usual or fair rate for
insurance, or that in some other respect the provision for in-
surance was designed as a cover for unlawful interest.    (39
Cyc. 983; *Washington Life Ins. Co.* v. *Paterson Silk Mfg. Co.*,
25 N. J. Eq. 160; *Homœopathic Mut. Life Ins. Co.* v. *Crane*,
25 N. J. Eq. 418; *Utica Ins. Co.* v. *Cadwell*, 3 Wend. (N. Y.)

296, 301; *New Eng. M. S. Co.* v. *Gay*, 33 Fed. 636.) These decisions go upon the ground that the premium is not a payment for the loan of the borrowed money, but is simply compensation to the insurer for the risk incurred. If this be so where the lender is the insurer, there is much less reason for claiming illegality where the insurance is issued, and the premium received, by a third party.

No other points are made.

The judgment is affirmed.

Shaw, J., Wilbur, J., Richards, J., *pro tem.,* Melvin, J., Lorigan, J., and Angellotti, C. J., concurred.