[Civ. No. 3152. First Appellate District, Division One.—March 16, 1920.]

GEORGE A. HERZER, Respondent, v. H. E. LEE et al., Appellants.

[1] PERSONAL PROPERTY BROKERS' ACT—COMMISSION FOR SECURING LOAN—INTEREST—USURY.—Where the purchasers of an automobile agree to pay a broker a given commission for securing a loan thereon that they might pay the seller in full, but no part of such commission is received by the lender, it is not to be included with the interest charged on the loan to determine whether the transaction is usurious within the meaning of the Personal Property Brokers' Act, notwithstanding such commission is paid by the lender to the broker and added to the amount of the loan.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

Welles Whitmore, Abe P. Leach, Curt C. Darrow and Frank J. Gordon for Appellants.

Carl F. Wood for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff in an action brought by him to recover possession of an automobile.

As to the facts of the case there is very little, if any, dispute, and they may be briefly summarized as follows: The defendant Lee wished to buy an automobile, and went to one Nelson, a dealer in automobiles, for that purpose. Nelson had such a machine as he wished to buy, the purchase price of which was $962.50. Lee had three hundred dollars in

cash, which he was ready to apply upon the purchase price,
but desired time and terms for payment of the balance,
which Nelson refused to give, insisting upon a cash transac-
tion. Lee thereupon applied to one H. P. Drueke, who
maintained an office for loans and investments under the
name of Auto Securities Company, for assistance in complet-
ing the purchase of the car. Drueke looked over the ma-
chine, and agreed that he would finance the transaction for
Lee for a commission of $75, to which Lee agreed. Drueke
then went to the plaintiff herein who, while not in any way
connected with the Auto Securities Company, was accus-
tomed to loan money in aid of transactions for the pur-
chase of automobiles. It was admitted at the trial that
during the year prior to the transaction under review the
plaintiff had made as many as five hundred loans of this
character through various brokers who, from time to time,
applied to him for such loans. Drueke was among the num-
ber of these brokers, and he had frequently, though not
exclusively, consummated automobile sales through the use
of plaintiff's money. The plaintiff appears to have had con-
fidence in the judgment of Drueke with respect to the value
of the security offered in such transactions, but does not
otherwise appear to have ever paid him commissions for
placing his money nor to have in any way shared in such
commissions as Drueke received from time to time in these
matters. The plaintiff, having in the present case agreed to
furnish the money needed to finance the purchase of the
automobile by Lee, the parties, including the plaintiff, the
defendants, Nelson and Drueke, met at the office of the
latter, whereupon the following proceedings were had: A
bill of sale of the car in question from Nelson to Herzer was
drawn up and executed by the former upon receipt by him of
the sum of three hundred dollars in cash from the defendant
Lee, and of the sum of $662.50 in the form of a check from
Herzer to Nelson. A contract of conditional sale of the auto-
mobile from the plaintiff to the defendants was then executed,
which recited that the purchase price to be paid by the de-
fendants to the plaintiff for the car was the sum of $1,037.-
50, upon which there was credited the sum of three hundred
dollars, and upon the balance of which, namely, the sum of
$737.50, the defendants agreed to pay certain monthly in-
stallments, and also agreed to pay two per cent per month

interest upon deferred payments. Upon the execution of this contract Drueke received possession of the automobile from Nelson, who shortly thereafter and on the same day delivered the same to the defendants. The sum of seventy-five dollars, which Drueke was to receive as his commission for negotiating this transaction, was handed to him by the plaintiff, the same being the balance remaining in his hands after the payment of the sum of $662.50 to Nelson. The defendants having failed to make the payments required to be made by the terms of their contract with Herzer, he brought this action upon said contract and breach thereof to obtain possession of the car.

The trial court entered judgment in his favor, and from such judgment the defendants prosecute this appeal.

The only contention which the appellants make upon this appeal is that the transaction, as between themselves and the plaintiff, was usurious within the meaning and effect of the act generally known as the Personal Property Brokers' Act, as approved April 16, 1909 (Stats. 1909, p. 969), and as amended April 21, 1911 (Stats. 1911, p. 978). The gravamen of this contention rests upon two propositions: First, that the transaction between the plaintiff and the defendants, while in form and upon the face of the writings a contract for the purchase of an automobile, was in truth and fact a loan by the plaintiff to the defendants of the sum required to make the actual purchase of the machine from its owner Nelson, for which loan the conditional sales contract with the plaintiff was merely the security, and hence, that the plaintiff must be held to have been a personal property broker within the intent and meaning of said act; second, that the payment of the sum of seventy-five dollars to the broker Drueke by the plaintiff Herzer as a portion of the total sum advanced by the plaintiff to the defendants, and upon which total sum they were required to pay interest at the rate of two per cent per month, rendered the transaction usurious within the meaning and intent of said act.

In deciding the case in favor of the plaintiff the trial court made its findings in which the facts, as above set forth, were briefly stated, but from which the court concluded that the transaction was one in which the plaintiff had agreed to sell an automobile to the defendants for the sum stated therein, and was not such a loan to the defendants upon se-

curity as would bring the plaintiff within the terms of the act mentioned.

With this latter conclusion of the trial court we are unable to agree, for while in form the transaction was such as the court has described it to be, the undisputed evidence in the case shows that it was never the intent of the parties that the plaintiff should become the owner of or should sell the automobile in question to the defendants. He never for a moment had possession of or any control over said automobile prior to said transaction, or thereafter up to the time of the institution of this action. The defendants throughout were intent upon purchasing the automobile in question from said Nelson, and the amount in cash which they were prepared to pay, and did pay, thereon was paid by them directly to said Nelson. From every aspect this transaction impresses us as one in which the plaintiff was engaged, as he had been upon at least five hundred occasions during the year preceding, in putting out his money to would-be purchasers of automobiles from other parties upon the security of the purchase of the machine.

[1] If the decision of this case depended solely upon the correctness of the trial court's conclusion as to the nature of this transaction it would follow that the judgment which it entered should be reversed; but the decision of that court does not depend solely upon its conclusion upon the foregoing facts, but upon the further consideration as to whether or not the transaction was in fact usurious within the meaning and intent of the Personal Property Brokers' Act.

The part of the transaction which would render it usurious under the appellants' contention is that which relates to the payment of seventy-five dollars to the broker Drueke, for aside from such payment the plaintiff is not shown to have charged an amount of interest in excess of that permitted by said act. The appellants, however, contend that the broker Drueke was the agent of the plaintiff Herzer in the transaction, and that the payment to Drueke of said sum was none other than the payment of a commission due from the plaintiff to Drueke for services rendered in the course of the transaction.

Neither the evidence in the case nor the findings of the court support this contention, since it clearly appears that the sum of seventy-five dollars which Drueke received from

the plaintiff at the conclusion of the transaction was the amount which the defendants had agreed to pay him for his services in financing on their behalf the purchase of the automobile from Nelson; and it further clearly appears that while this payment to Drueke came through the plaintiff and was included in the amount of his loan to the defendants, it was not made by plaintiff to Drueke as a payment for any services rendered by him to the former, and that as to said payment the plaintiff himself neither received nor retained any portion.

Upon this state of facts we are unable to distinguish this case from the case of *Niles* v. *Kavanagh,* 179 Cal. 98, [1 A. L. R. 831, 175 Pac. 462], wherein the supreme court holds, upon a state of facts almost identical with those of the instant case, that the transaction is not to be held to be usurious by reason of such a payment having been made to the broker negotiating the loan unless it shall appear that the lender was in some way beneficially interested in the charge through either receiving back some portion thereof, or through having the same applied, in whole or in part, to commissions due from the lender to the broker for services rendered in the transaction. No such facts have been shown in the instant case. The total sum to be received by the plaintiff for his loan of the money in question was the two per cent per month interest upon the principal thereof, and with the amount which the broker Drueke was to receive as commission under his agreement with the defendants the plaintiff had neither interest nor concern except as the amount of said commission was to be included in the total sum due from the defendants upon said loan. This being so, while the conclusions of the trial court as to the nature of the transaction were, we think, erroneous, its judgment was correct. It should, therefore, be affirmed, and it is so ordered.

Waste, P. J., and Gosbey, J., *pro tem.,* concurred.