## PAN-AMERICAN LIFE INS. CO. v. BOYD et al.

### No. 5188.

Court of Civil Appeals of Texas. Texarkana.

Dec. 8, 1938.

Rehearing Denied Feb. 2, 1939.

Renfro & Kilgore, of Dallas, for appellant.

Moore & Moore, of Paris, for appellees.

WILLIAMS, Justice.

This litigation involves the question of usury. Appellant, the Pan-American Life Insurance Company, plaintiff below, sought judgment against J. T. Boyd and wife, defendants below, on a series of notes in the aggregate principal sum of $4,000, dated November 26, 1930, and for foreclosure of a deed of trust lien of same date on certain Delta County lands securing the indebtedness. Several of the notes and a part of the interest on the total loan were past due when plaintiff filed suit in 1934. Plaintiff also made Scott Title & Trust Company a defendant, alleging that this company held a second lien. This company entered a formal appearance in writing but made no further answer. Trial to the court resulted in a judgment which denied plaintiff a recovery and cancelled the deed of trust, in that the contract was usurious and defendant had paid in interest an amount in excess of the principal of the notes sued on.

There is no contention made that actual usury was ever collected. Appellees contend that the contract is usurious solely by reason of the acceleration clause in each of a series of notes and a second deed of trust securing same which was given as an additional 1% interest charge.

The notes sued upon consist of a series of five promissory notes aggregating $4,-

000, executed by appellees, dated November 26, 1930, payable to Scott Title & Trust Company, due January 1, 1932, 1933, 1934, 1935, and 1936, respectively, with interest thereon from January 1, 1931, to maturity at 6% interest per annum, and providing for 10% interest per annum after maturity; interest payable annually as it accrued on the first of January each year.

Each of the notes contained the following provisions:

"Failure to pay this note or any other note of this series or any interest hereon when due, or to comply with any of the agreements set forth in the Deed of Trust securing same, shall, at the election of the holder, mature the *principal hereof and all interest accrued thereon;* and all unpaid principal and interest shall bear interest at the rate of ten per centum per annum from maturity until paid. * * *

"This note is secured by Deed of Trust of even date herewith on real estate, fully recorded in the Deed of Trust Records of Delta County, Texas." (Italics ours).

The deed of trust given by appellees to secure above series of notes describes the above notes and contains the following clauses pertinent to the issue here involved:

"Said principal note or notes or installments of principal thereon and interest installments or coupons due thereon to bear interest after maturity until paid at the rate of ten per cent per annum.

"Each of said notes further provides: That failure to pay same or any installment of principal or interest or interest coupons when due or failure to comply with any of the agreements set forth in this Deed of Trust, shall, at the election of the holder, mature all of the principal of such note and all other notes, if any, of the same series (being the notes described above); * * *

"* * * That until the indebtedness herein mentioned is fully paid, to at all times, pay promptly as they fall due any or all taxes or assessments of every nature that may be levied or assessed against the property herein conveyed; and further, to pay promptly when due any and all taxes of every nature that may be levied or assessed against this Deed of Trust or against the debt hereby secured, or against any interest in the above described property created in the mortgage thereby, up to, but in no event exceeding an amount which when added to the rate of interest charged for the period covered by the tax shall equal the maximum rate of interest per annum allowed by the laws of this State for that period; * * *"

Appellant acquired this first series of notes from said trust company, evidenced by written assignment dated December 30, 1930, duly filed for record.

Appellees on November 26, 1930, also executed a series of five promissory notes in the respective sums of $40, $37.50, $35, $32.50, and $30, payable to Scott Title & Trust Company due on the first day of January 1932, 1933, 1934, 1935, and 1936, respectively. This series aggregating $175 represented an additional 1% interest charge.

Each of these series of notes recites "being for part of the interest due that day on our principal notes of even date herewith * * *", and also contained the following clause: "This is one of a series of notes secured by Second Deed of Trust of even date herewith on real estate in Delta County, Texas, and the failure to pay this note when due, shall, at the option of the payee, *mature all of said series of notes.*" (Italics ours). At the same time appellees executed and delivered to said trust company a second deed of trust to secure their payment. This instrument describes the foregoing 1% additional interest notes and contains the following clauses pertinent here, to-wit:

"This instrument is given for the purpose of renewing and securing the lien or liens renewed or extended by said First Deed of Trust.

"This Deed of Trust is subject to the first Deed of Trust above referred to The notes hereby secured *are given as a part of the interest on the note secured by said first Deed of Trust,* and the holder of said notes shall have all the rights of subrogation secured to the beneficiary by First Deed of Trust. * * *" (Italics ours).

"* * * But if the notes hereby secured and each of them is not paid promptly when due, or in case of a breach of any of the covenants or agreements in said First Deed of Trust, all of which are adopted and made a part of this instrument as fully to all intents and purposes as if written at length herein, then all the said notes hereby secured shall become due and payable at the election of the holder. * * *

"All of the provisions of said First Deed of Trust with reference to the powers, rights and duties of the trustee, and his successors, in the sale therein authorized are adopted and made a part hereof, and are to be construed as a part hereof and applied to the sale herein authorized as if fully written herein.

\*   \*   \*   \*   \*   \*

"It is expressly stipulated and agreed that foreclosure, pro tanto, of the lien of this deed of trust, either by action or by the exercise of the power herein contained, shall not effect or impair the lien hereof for unmatured installments or notes herein recited to be secured, or for payments that may be made after the institution of proceedings for partial foreclosure by holders hereof, of any sums necessary or proper to be expended for the protection of the lien of this instrument; and said sale of lands and tenements, whether by the Trustee under the power herein contained or by action shall not exhaust the power of the Trustee but as often as default shall be made as aforesaid, the power of sale or to foreclose by action may be exercised and the purchaser or purchasers at such sale shall take subject to said prior lien and to the unmatured notes and other sums secured hereby.

"It being the intention of the parties to conform strictly to the usury laws now in force, any of the said contracts for interest shall be held subject to reduction to the amount allowed under said usury laws, as now or hereafter construed by courts having jurisdiction."

■ The disposition of this appeal is governed by the rule of construction in transactions of this type as summed up and announced in Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.2d 935, 936, a part of which reads: "While of course courts have no right to depart from the terms in which the contract is expressed to make legal what the parties have made unlawful, nevertheless when the contract by its terms, construed as a whole, is doubtful, or even susceptible of more than one reasonable construction, the court will adopt the construction which comports with legality. It is presumed that in contracting parties intend to observe and obey the law. For this reason the court will not hold a contract to be in violation of the usury laws unless, upon a fair and reasonable interpretation of all its terms, it is manifest that the intention was to exact more interest than allowed by law. 'In short, the general rule of interpretation and construction of such contracts may be said to be that the contract is not usurious when it may be explained on any other reasonable hypothesis.' 66 C.J. p. 173." See Temple Trust Co. v. Haney, Tex.Civ.App., 103 S.W.2d 1035, p. 1037; Wellfare v. Realty Trust Co., Tex.Civ.App., 85 S.W.2d 1067; Elliott on Contracts, Sec. 1520.

■ If this contract is usurious, it is by reason of the accelerating clause in each of the second series of notes, reading: "And the failure to pay this note when due shall at the option of the payee *mature all said series of notes.*" The second deed of trust securing the second series of notes likewise contains a similar accelerating clause. Such provisions, standing alone, would be condemned as an usurious transaction. Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W. 2d 282, 39 S.W.2d 11, 84 A.L.R. 1269; Commerce Trust Co. v. Best, 124 Tex. 583, 80 S.W.2d 942, 943.

The transaction in Hamilton v. Bill, Tex. Civ.App., 90 S.W.2d 929, 933, writ refused included a clause in the second deed of trust which provided that if sale of the property by the holder of any note of the series be made "such sale shall not extinguish this deed of trust or the remaining unpaid notes secured hereby \* \* \* but the purchaser at such sale shall be required to assume all unpaid notes of the series \* \* \* and this deed of trust and the power of sale herein given shall not be extinguished until the last of said notes is paid \* \* \*." A clause in the second deed of trust in the instant case hereinbefore set out is of a similar import, except that the purchaser at such a sale would take title subject to the unpaid notes. In commentating upon such a clause the court in Hamilton v. Bill, supra, said, "It would be difficult to find a more precise combination of words with which to express a stubborn determination ·to collect in any event and upon the happening of the contingency each and every one of the $100 interest notes secured by the second deed of trust." Under this pro tanto foreclosure clause and the accelerating clause in the second series of notes and second deed of trust, this transaction would be considered as tainted with the vice of usury under the authority of Hamilton v. Bill, supra.

■ But under the rule of construction as stated in Walker v. Temple Trust Co., supra, the other provisions of this transaction will be examined. It is observed that both the second deed of trust and second series of notes refer to the first deed of trust and expressly state that said notes are a part of the interest on the loan evidenced by the principal notes. The court in Walker v. Temple Trust Company in commenting upon similar recitations as just mentioned said: "This made it [the additional interest note] as much a part of the original notes as if it had been attached to one of them as one of the interest coupons." The provision in the accelerating clause in the first series of notes does not call for usurious interest for it provides on default "to mature the *principal* hereof and all *accrued interest.*" And likewise the accelerating clause in the first deed of trust provides on default to "mature all of the principal of such note and all other notes." Keeping in mind that the additional interest notes in the instant case recites that they are given as a part of the interest on the principal notes, and the principal notes reciting that in case of default only the principal and accrued interest will mature, then this contract under the observations made by the Commission of Appeals in Walker v. Temple Trust Co., supra, is susceptible of an unusurious construction.

We pretermit a discussion of the clause in the first deed of trust whereby the maker of these notes contracted to pay when due all taxes and assessments levied and assessed against the property described in the deed of trust, and further providing, "but in no event exceeding an amount which when added to the rate of interest charged for the period covered by the tax shall equal the maximum rate of interest per annum allowed by the laws of this State for that period." Kansas City Life Ins. Co. v. Duvall, 129 Tex. 287, 104 S.W. 2d 11; Nevels v. Harris, 129 Tex. 190, 102 S.W.2d 1046, 1050, 109 A.L.R. 1464.

■ It is also to be observed that the concluding paragraph of the second deed of trust provides: "It being the intention of the parties to conform strictly to the usury laws now in force, any of the said contracts for interest shall be held subject to reeduction to the amount allowed under said usury laws, as now or hereafter construed by courts having jurisdiction." The Supreme Court in Nevels v. Harris, supra, which discussed a loan contract containing an identical clause, has stated: "If this last provision can be given effect, and, as already said, it must be given some effect if it is reasonably possible to do so, it must be held to operate to deny the note holder the right, in any event, to collect usury. In other words, it denies the noteholder the right to collect more than the principal debt and 10 per cent. interest per annum from the time the borrower had the use of the money until he should repay it. This is plain because this clause of the contract expressly states that it is the intention of the parties to conform strictly to the usury laws now in force, and that 'any of said contracts for interest shall be held to be subject to reduction to the amount allowed under said usury laws,' etc. * * * This is the plain import of the provision last above quoted, for it says 'any of said contracts for interest shall be held to be subject to reduction to the amount allowed under said Usury Laws as now or hereafter construed by the courts having jurisdiction.'"

Following the construction placed upon the last quoted clause by the Supreme Court in Nevels v. Harris, supra, and this contract being susceptible of more than one reasonable construction, the court will adopt the construction which comports with legality, and therefore concludes that the transaction is not an usurious contract. See, also, D. H. Scott & Son Co. v. Wallace, Tex.Civ.App., 83 S.W.2d 1032.

The transaction which has been discussed was in renewal of a former loan. The conclusions here reached are likewise applicable to the provisions in said former loan, because the instruments evidencing the former loan are identical except as to amounts and dates.

From the conclusions reached the cause is reversed and remanded with instructions to render judgment in favor of appellant against appellee J. T. Boyd for the full amount of the principal notes together with all unpaid interest thereon and attorney fees as provided, with a foreclosure of the lien as against all defendants.