## MOSSLER ACCEPTANCE CO. v. BAKER.
### No. 11126.

Court of Civil Appeals of Texas. Galveston.
March 20, 1941.

Rehearing Denied April 17, 1941.

Gammage, Gammage & Bauer, of Houston, for appellant.

Wilmot F. Warner, of Houston, for appellee.

CODY, Justice.

This suit was filed in a county court at law of Harris County, on October 12, 1939, by appellee against appellant to recover $229.94, being twice the amount alleged to have been collected as usurious interest by appellant on appellee's note dated February 19, 1938. The sole contention made here is that the court erred in failing to sustain appellant's general demurrer to appellee's petition. It is necessary, therefore, to give a summary of appellee's petition. We shall hereafter designate appellee and appellant as they were designated in the trial court.

Plaintiff alleged in paragraph II of his petition that on February 19, 1938, he gave his promissory note to defendant. This promissory note is set forth verbatim in plaintiff's petition. The note, as described in the petition, is shown by its face to be for the principal sum of $521.10, which must be paid to defendant by plaintiff in Houston, together with interest on any unpaid principal from the maturity thereof until paid at the rate of ten per cent per annum; and the principal is made payable in successive monthly installments of $28.95, the first installment maturing on March 20, 1938. The note also contains certain provisions not necessary to set forth such as acceleration of maturity, and attorney's fees clauses, etc. And in said paragraph II, plaintiff alleged that he gave defendant a chattel mortgage on a Ford sedan (describing it) to secure the payment of the note.

In paragraph III, plaintiff alleges that he gave the note to defendant in renewal and extension of a balance of $380, then owing by plaintiff to defendant on the original purchase-money note given for the aforesaid automobile, and also, to cover the insurance premium of $26.13. Plaintiff goes on to allege that the balance of the purported principal of the note, being $114.97, was not in fact principal but was interest computed in advance and "included in the purported principal sum of $521.10, so that the same became, according to the terms of said note as above set forth, payable absolutely and in any event, whether earned or unearned."

In paragraph IV, plaintiff alleges he has paid the entire amount of the note "according to the tenor and effect thereof, including the aforesaid sum of $114.97 interest * * * all subsequent to the date of said note; that plaintiff has thereby paid, and defendant has received, a rate of interest in excess of ten per cent per annum upon the contract evidenced by said promissory note; that by reason thereof the defendant has become and is indebted and liable to pay to plaintiff double the amount of the interest so paid and collected but defendant has failed to pay same, or any part thereof, to plaintiff's damage in the sum of $229.94."

Defendant here presents three propositions in support of its contention that the court should have sustained a general demurrer to plaintiff's petition, the substance of which is as follows:

(1) That, as the note was fair and lawful on its face as pled by plaintiff, plaintiff had to prove that said note transaction was a subterfuge, scheme and device, to charge usury, and that both parties had this purpose in contemplation in entering the transaction, and in order to be entitled to admit proof thereof, plaintiff must first allege same.

(2) That plaintiff did not specifically plead facts to show that within two years from the filing of this suit that he had made interest payments on the note of more than ten per cent per annum for each year, and that some interest payments were made pursuant to the alleged usurious contract.

(3) That the petition contained no allegation to the effect that plaintiff had demanded payment of his debt (in twice the amount of the usurious interest collected from him by defendant) of defendant, and that defendant had failed and refused to pay the same, etc.

As above indicated, this suit is by a plaintiff to recover from a defendant who, it is alleged, collected usury from plaintiff. The suit is brought under R.S. Article 5073. And, because the statute is penal in nature, the plaintiff must bring himself strictly within its terms. Commerce Trust Co. v. Best, 124 Tex. 583, 80 S.W.2d 942. The article, so far as it is here material, provides that within two years after the time that a greater rate of interest than ten per cent shall have been received or collected upon any contract, the person paying the same may by an action of debt recover double the amount of such interest from him to whom it was paid.

We are unable to see in what respect the plaintiff failed to plead specific

facts to show that within two years of the filing of his action to recover penalties that he had made payments on the note of more than ten per cent per annum for each year, and that such payments were made pursuant to the alleged usurious contract. In the fourth paragraph of his petition plaintiff alleged that he had paid "the entire amount of said note, according to the tenor and effect thereof, including the aforesaid sum of $114.97 interest to the defendant at its office in Houston, Texas, all subsequent to the date of the note * * *." It otherwise appears from the petition that the date of the note was February 19, 1938, and that the installments matured thereon monthly, the first maturing March 20, 1938, and the last, or eighteenth, maturing on September 20, 1939, and the petition was filed on October 10, 1939. While it may be true that the allegations do not set forth the facts with prolixity, certainly as against a general demurrer, the allegations adequately charge that within two years from the filing of the suit, defendant had collected from plaintiff interest payments on the note in question of more than ten per cent per annum. The petition does not undertake to break down the installment payments into their respective proportions of principal and interest. We fail to see, though the point is not before us, how any good purpose could be served to so break down such installment payments even in response to a special exception, for that is certain which by mere calculation can be made certain. But, however that may be, as against a general demurrer the pleading in the respects referred to was entirely adequate to give the defendant and the court a full knowledge of the amount of usury which defendant had collected from plaintiff within two years from the filing of the petition.

While it is true that the allegations of the petition did not designate the note transaction as one which though fair and lawful on its face was in reality a scheme and device to charge usury, the application of these designations to the facts of the transaction as pled in the petition would be mere surplusage, and would constitute a mere deduction of the pleader from the facts pled. The pleadings clearly show that the principal sum of the $512.10 note consisted of two items, one being a balance of $380 due on the original purchase-money note given for the automobile, and the other being the sum of $26.13 for insurance premiums. While the petition did not in terms add up these two items and state that the true principal of the note consisted of but $406.13, it did state that the interest included in the note, but designated therein as principal, consisted of $114.97. The value received by plaintiff, according to his allegations, before any interest had been earned on the note was thus $406.13, and the difference between this sum of $512.10 is interest and is by law prorated over the entire period of the loan. Adleson v. Dittmar Co., 124 Tex. 564, 80 S.W.2d 939. The allegations of the petition fully allege the facts of the note transaction; the further allegation to the effect that such transaction was a scheme or subterfuge to charge usury, being but a conclusion from the facts pleaded, could add no force to the facts alleged, and therefore the failure to allege such conclusion is of no consequence. The allegations of the petition show that by the note transaction the defendant collected from plaintiff interest on $406.13 at the rate of approximately twenty per cent per annum. In passing on a general demurrer we must take the allegations as true. Where, from the allegations, it appears that the plaintiff paid commingled principal and interest in 18 monthly payments, and in so doing paid to defendant interest at the rate of approximately twenty per cent per annum, these allegations state a cause of action to recover penalties in double the amount of the interest paid. It is the collection and receipt by the defendant of a greater rate of interest than ten per cent that gives the right, under the statute, to the person paying same an action of debt to recover double the amount of such interest. Commerce Trust Co. v. Best, 124 Tex. 583, 596, 80 S.W.2d 942. Such person is not required to further qualify himself to have an action of debt to recover penalty by demanding payment, etc.

The court did not err in refusing to sustain a general demurrer to the plaintiff's petition.

Finding no error in the judgment, it is accordingly ordered that the judgment of the trial court is in all things affirmed.

Affirmed.