**EAST DALLAS CLINIC et al., Appellants,**

v.

**Marvin G. STACKS, Appellee.**

**No. 172.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 16, 1965.

Rehearing Denied Jan. 6, 1966.

Fred S. Abney and Ernest Conner, Abney & Burleson, Dallas, for appellants.

Edward C. Fritz, Fritz & Vinson, Dallas, for appellee.

SELLERS, Justice.

This suit was brought by Marvin G. Stacks, appellee, against East Dallas Clinic and East Dallas Hospital, Inc., to recover for alleged usury charges under the provisions of Article 5073, Revised Civil Statutes of Texas.

The facts as developed in the Statement of Facts are substantially as follows:

Appellee's wife had an operation in the above hospital and her doctor was from the Dallas Clinic. After Mrs. Stacks was able to leave the hospital, she was called in the office of the hospital and told that her account to the hospital was $327.90 and her doctor bill to the Clinic was $325.-90. Appellee and his wife, not being able to meet this obligation, at the suggestion of the hospital and clinic personnel, applied to one Mr. W. H. (Joe) Bailey of the Dallas Retail Credit Managers Associ-

ation for assistance in making financial arrangements to discharge the accounts.

It appears without dispute in the record that Dallas Retail Credit Managers Association has worked out a method with Republic Bank whereby debtors of different businesses could apply to the Credit Managers Association for a loan to take care of a debt to said businesses for the amount of the debt only, the note to be made to the Republic Bank by the debtors and endorsed by the creditor, with interest from maturity. The application and note duly executed was transferred by the Retail Credit Managers Association to the bank who, in turn, was to pay interest on the note to the bank in the sum of $5.00 per $100.00 for one year. Blanks for carrying out these arrangements were delivered to the different businesses for their use in using this credit system if and when they desired. Appellants kept a number of these blank applications and blank notes of the Republic Bank on hand in order to use this credit system for their clients.

In view of the above, the appellee executed an application to W. H. (Joe) Bailey and also a note to the Republic Bank for the amount of the debt to the Clinic and Hospital. These papers were executed in the office of the Hospital and, in addition, two checks representing 10% of the principal were made to the Hospital and Clinic, which sums were sent along with the application and note to Mr. Bailey. Mr. Bailey sent the note to the Republic Bank and the bank, in turn, sent the Clinic and Hospital a check for the exact amount of the note which represented the amount of the Clinic and Hospital debt. Appellee made a payment or two on this note to the bank in the sum of $54.00 per month, and then realized that he could not pay the amount each month and went back to the Hospital to get the monthly payments reduced. The representative of the Hospital, in the presence of appellee, called Mr. Bailey to see if the amount of the

payments could be reduced; and Mr. Bailey advised that the note could be made a 24-month note rather than a 12-month note as it was, and the charge would be $81.61. This arrangement was agreed to by appellee and the Hospital and Clinic took up the note from the bank on which they were endorsers and drew a note to the bank for the remaining balance of the debt in the sum of $544.10, which note was again sent to Mr. Bailey, together with the sum of $81.61 which the Clinic and Hospital had collected from appellee. The new note was to be paid $22.67 per month to the Republic Bank and the bank again remitted to the appellants the principal of the note in the amount of $544.10. Appellee made several payments on this note to the bank and then failed to make payments and the bank called upon appellants to take care of the balance, which the appellants did, and then turned the note over to a Dallas collection agency for collection. The collection agency collected the balance on the note and remitted to the appellants only 50% of the amount collected and the other 50% being retained as their fee.

The trial was to a jury, and at the close of the evidence the trial court instructed a verdict for appellee and entered judgment for appellee against appellants for double the amount of interest paid by appellee to appellants in the sum of $305.10, except $5.65 of the judgment was paid to Republic Bank by appellee because of a late payment.

From the foregoing, it is readily apparent that, although appellants collected the interest, they did not keep any part of the same but sent it on to Mr. Bailey of the Retail Credit Managers Association, who, in turn, paid certain amounts of the money to the bank. Appellee argues that his case was made when he paid the interest to appellants regardless of what they did with the same. We are of the opinion that this contention of appellee must be overruled. We

think the question is governed by the case of Deming Investment Co. v. Giddens, Tex.Civ.App., 41 S.W.2d 260, 263, where it was held that Article 5073, Vernon's Civil Statutes, when construed properly, means not only that appellants received the interest but that they also got the benefit of the same. From the above cited case, we quote the following:

"Under this statute, appellees are. allowed to recover double the amount of the interest from the one receiving the same; that is, the one for whose benefit it was paid. In the instant case, the Deming Investment Company, while it collected the usurious interest, did not receive the same within the meaning of this statute, and hence is not the one against whom the suit to recover such penalty can be maintained."

This case has been followed by the Supreme Court in the opinion by the Commission of Appeals in the case of Commerce Trust Co. v. Best, 124 Tex. 583, 80 S.W.2d 942.

Surely appellants under this record were not even in the loan business nor did they loan the appellee any money. All they did was to collect their debt, even though they had to endorse the note. It is our opinion that the appellants are not liable to appellee for usury since they received no benefit from the usurious interest paid by appellee.

The judgment of the trial court is reversed and the cause remanded.