[Sac. No. 744.    Department One. — October 10, 1901.]

FARMERS AND MERCHANTS BANK OF STOCKTON, Respondent, v. FRED COPSEY and MARGARET COPSEY, Appellants.

PLEDGE OF NOTE AND MORTGAGE — COLLATERAL SECURITY — REMEDY — POWER OF SALE — FORECLOSURE. — A power of sale given upon a pledge and assignment of a note and mortgage as collateral security by a vendee of the mortgagor, who had assumed such note and mortgage, and given his own note and mortgage to the mortgagee as principal debtor, does not make a sale under the power an exclusive remedy of the pledgee, and he may bring an action in equity to foreclose the collateral security.

ID. — EXECUTION BY WIFE OF VENDEE — MARK — SUPPORT OF FINDING. — A finding that the wife of the vendee of the mortgagor executed the principal note to the plaintiff, and the assignment of the note, and the vendee of the mortgagor, by making her mark, with the proper attestation by a witness, is sufficiently proved by the testimony of such witness, and of the husband that he and his wife "went in and signed the note." The execution of the note by her is also admitted by her denial to a verified complaint, that she, "for any consideration whatsoever, made, executed, and delivered to the plaintiff that certain promissory note," which denial takes issue only upon the consideration, and not upon the making, execution, and delivery, of the note.

ID. — EXPRESS AGREEMENT TO PAY DEFICIENCY — OMISSIONS IN FORECLOSURE SUIT — LIABILITY OF VENDEE AND WIFE. — Where the vendee and his wife, who were principal debtors, in their assignment, as security for their debt, of the collateral note and mortgage, expressly agreed " to pay on demand whatever balance may be due after sale of the securities and application of the proceeds," the omission of the pledgor to make the wife of the vendee a party defendant in the foreclosure suit, and his omission to take a deficiency judgment therein against the original mortgagor, and the taking of such judgment only against the vendee, who had assumed payment of the mortgage debt, cannot release or affect the liability both of the vendee and his wife upon their express agreement to pay the amount of the deficiency.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. G. W. Nicol, Judge presiding.

The facts are stated in the opinion of the court.

J. B. Hall, and J. F. Ramage, for Appellants.

Budd & Thompson, for Respondent.

THE COURT.—Defendants appeal from the judgment and order denying their motion for a new trial.

The facts are substantially as follows: In October, 1892, one William H. Beckman conveyed certain real estate to defendant Fred Copsey. At the time of the conveyance, the premises were encumbered by a mortgage given by said William H. Beckman to one Henry Beckman to secure a promissory note for the sum of $4,357, and, by the terms of the conveyance, the said Fred Copsey assumed and agreed to pay the said note and mortgage so made by said William H. to Henry Beckman.

Prior to June 17, 1895, the said Henry Beckman had become indebted to plaintiff, and had assigned the said note and mortgage to plaintiff as collateral for such indebtedness. On the last-named date there remained due and unpaid upon the said note and mortgage the sum of $3,250, and defendants (who are husband and wife), in order to pay the same, agreed to and did execute their note and mortgage upon the same premises, to plaintiff, for the said sum of $3,250, and also assigned and deposited the Beckman note and mortgage as collateral to plaintiff for their said note. The Beckman note so secured by mortgage had been indorsed and assigned by Henry Beckman. In the written assignment made by defendants to plaintiff of the Beckman note and mortgage, the plaintiff was authorized at any time, with or without notice, at public or private sale, to sell and dispose of the Beckman note and mortgage so held by it as collateral. It was provided in the assignment that in case of a sale of the Beckman note and mortgage by plaintiff, the balance, after paying costs and expenses, and the amount due by defendants on their note, should be paid to defendants. Defendants also agreed, in the assignment, that they would pay to plaintiff "whatever balance may be due after sale of securities and application of proceeds."

Plaintiff commenced foreclosure proceedings on the Beckman mortgage in August, 1896, against William H. Beckman, defendant Fred Copsey, and others, and procured a decree of foreclosure in due course.

After sale of the premises under the decree and order of sale, and the application of the proceeds, there remained a deficiency, for which judgment was docketed against defendant Fred

Copsey. Defendant Margaret was not made a party to said foreclosure suit. The deficiency judgment remaining unpaid, this action was commenced thereon, and resulted in judgment against defendants for the amount of said deficiency remaining due to plaintiff,—to wit, $1,100.85 and costs.

Appellants' main contention is, that the plaintiff had no right to foreclose the Beckman note and mortgage by judicial sale, for the reason that the assignment authorized plaintiff to sell the note and mortgage. It is said the note and mortgage were held by the plaintiff as pledgee, and that the defendants, as pledgors, had authorized a sale, and therefore this method only should have been pursued. We think the authority was given for the benefit of the pledgee,—the plaintiff,—and was not exclusive. Where a special power is given to sell negotiable paper, taken as collateral security, upon default in the payment of the debt, the power is not exclusive. It is considered, in law, as given, not for the purpose of restricting or curtailing the rights of the pledgee, but for the purpose of enlarging his rights, making the pledge more advantageous to him by giving him a more effectual and speedy means of obtaining money from his security. He may in such case bring an action in equity to foreclose the security. (Jones on Pledges and Collateral Securities, secs. 645, 651; *McArthur v. Magee*, 114 Cal. 129.) And such proceeding is expressly authorized by the Civil Code (sec. 3011), which provides: "Instead of selling property pledged, as hereinbefore provided, a pledgee may foreclose the right of redemption by a judicial sale, under the direction of a competent court; and in that case may be authorized by the court to purchase at the sale." The Civil Code further provides (sec. 3006): "A pledgee cannot sell any evidence of debt pledged to him, except the obligations of governments, states, or corporations; but he may collect the same when due." In this case the plaintiff did the very thing authorized by the above section, by proceeding to collect the obligation.

It is claimed that the evidence is insufficient to sustain that part of finding 2 to the effect that defendant Margaret made and executed the note of $3,250 to plaintiff, and the assignment of the Beckman note and mortgage as collateral therefor. The reason given for this contention is, that the Civil Code provides (sec. 14) that a mark is a signature "when the person cannot

CXXXIV. Cal.—19

write, his name being written near it, and written by a person who writes his own name as a witness." The note and assignment appear to be signed, —

" MARGARET $\overset{\text{her}}{\times}$ COPSEY.
$\phantom{xxxxxxxxxxxxxxxxx}$ mark

" Witness to mark of Margaret Copsey: R. E. WILHOIT."

The witness Fraser testified that he recognized the signature of Margaret Copsey by her mark. The witness Wilhoit testified that he signed his name as a witness. Defendant Fred Copsey testified, "So we went in and signed the note." This testimony amply supports the finding. Aside from this, the pleadings were verified, and defendant Margaret did not deny the making and signing the note. The denial is, that she, "for any consideration whatsoever, made, executed, and delivered to the plaintiff that certain promissory note." While a denial of the consideration, this is not a denial of the making and delivery of the note.

Finally, it is contended that the plaintiff released the defendants by not taking the deficiency judgment against William H. Beckman in the foreclosure proceedings. A conclusive answer to this is that the debt of William H. Beckman had been assumed by defendants. They gave their own note and mortgage for the purpose of paying it. They also assigned the Beckman note and mortgage as collateral, and in the assignment expressly agreed "to pay, on demand, . . . whatever balance may be due after sale of securities and application of proceeds."

The fact that plaintiff took the Beckman note and mortgage as collateral for a note and mortgage of defendants upon the same property indicates that plaintiff had in mind the personal liability of William H. Beckman upon the note. But if plaintiff chose to waive this security, it could not have injured defendants. In fact, there is no reason why plaintiff could not have entirely disregarded the Beckman note and mortgage, and brought suit against defendants upon the note and mortgage executed by them. They became the principals, and the Beckman note and mortgage merely collateral. Neither does the fact that plaintiff took a deficiency judgment against defendant Fred Copsey, alone, prevent it from maintaining this action upon the express agreement.

The judgment and order are affirmed.

Hearing in Bank denied.