[Civ. No. 5552. First Appellate District, Division Two.—March 4, 1927.]

J. S. BURT, Respondent, v. GEORGE M. FOREST, Appellant.

[1] CHATTEL MORTGAGES—FORECLOSURE—VALUE OF PROPERTY—FINDINGS—JUDGMENTS.—In an action for an acccounting and foreclosure of a chattel mortgage, the trial court did not err in failing to find as to the value of the property, since such finding would not obviate the necessity of foreclosure and sale to satisfy the judgment under section 726 of the Code of Civil Procedure and would not affect bids.

[2] PLEDGES—RIGHT OF REDEMPTION—REMEDY OF PLEDGEE—JUDICIAL SALES.—Instead of selling pledged property, the pledgee may foreclose the right of redemption by judicial sale under the direction of a competent court in accordance with section 3011 of the Civil Code.

(1) 11 C. J., p. 728, n. 4.   (2) 31 Cyc., p. 884, n. 45.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Franklin P. Bull and A. Walter Allen for Appellant.

Olin L. Berry for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to obtain an accounting and a judgment in foreclosure on the amount found to be due. The defendant appeared and answered and also filed a cross-complaint. The plaintiff answered the cross-complaint and a trial was had before the trial court sitting without a jury. The trial court made findings of fact in favor of the plaintiff and caused a judgment to be entered in accordance therewith. The defendant has appealed from the judgment under section 953a of the Code of Civil Procedure.

2. Remedies of pledgees, note, 79 Am. Dec. 499. See, also, 21 R. C. L. 684; 5 Cal. Jur. 112; 21 Cal. Jur. 360.

Under a different set of pleadings the litigation was before this court in the case entitled *Forrest* v. *Burt,* 67 Cal. App. 564 [227 Pac. 949]. The facts are fully set forth in the case as there reported.

[1] In their pleadings both parties alleged that the equitable title to the Quality Electric Motor Company rested in the defendant. The trial court so found. The appellant does not attack that finding. He does not contend that plaintiff's complaint was insufficient or that the findings failed to cover all of the allegations of the plaintiff's complaint. The defendant does not contend that he either pleaded or proved a cause of action in conversion, nor as for a breach of trust. However, standing on the allegations of his cross-complaint, he complains because the trial court made no finding on the appellant's allegation "that the value of the assets, property, and business of said Quality Electric Motor Company is now in excess of the sum of $36,000." In this connection the appellant contends that the trial court should have found the value thereof, that the trial court should have ascertained the amount of the advances which had been made for the account of the appellant, and that it should then have deducted such advances from the value of the assets and have ordered a lien in favor of the appellant, on appellant's property, for the balance $8,000 more or less and allow the plaintiff to keep the property as his own instead of merely holding it as security. In that connection the appellant argues that as he is impecunious such procedure would have operated to protect him from possible depressed prices arising out of a foreclosure sale. In his briefs the appellant cites no authorities supporting the procedure contended for. We know of none. If the proof showed that the title rested in the appellant, the trial court was bound to so find. In connection with that finding, another finding, regarding the value of the assets, would have been immaterial. The existence or nonexistence of a finding as to the value of the assets would not, standing alone, obviate the necessity of entering a decree of foreclosure and ordering a sale of the assets at a public sale for the purpose of satisfying the judgment. (Code Civ. Proc., sec. 726.) Moreover, there can be no possible injury to either party in failing to make a finding as to the value of property which is about to be sold at

public sale. Such a finding would neither increase nor decrease the bids that would thereafter be made.

In short, the appellant made a contract by which he tied up his own properties to secure advances made for his benefit. Having failed to redeem them, he complains of the hardships which will be the natural results of his own acts and seeks to pass the burdens to the person who was his benefactor. Because the trial court refused to entertain such contentions the appellant alleges error. The point is without merit.

[2] Appellant's opening brief was filed March 26, 1925. Respondent's brief was filed April 8, 1925. Appellant's reply was filed July 22, 1925. Thereafter, on August 18, 1925, without leave of court, appellant filed a document, "Supplemental Brief," in which, for the first time, he made the contention that the property was held in pledge, that when a pledge is due the pledgee may sell the property without foreclosure, etc. Conceding that the point is good, it is equally clear that the procedure adopted by the respondent is supported by authority (Civ. Code, sec. 3011; *Farmers & Merchants Bank* v. *Copsey,* 134 Cal. 287, 289 [66 Pac. 324]), and that the procedure followed by the respondent has resulted in no prejudicial error to the rights of the appellant.

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 2, 1927.