(No. 4995.   July 21, 1928.)

BRUCE DENNIS, Appellant, v. COOPERATIVE PUBLISHING COMPANY, a Corporation, et al., Respondents.

[269 Pac. 82.]

Bissell & Bird, for Appellant.

J. B. Eldridge, Wm. M. Morgan and E. B. Smith, for Respondents.

PER CURIAM.—On May 1, 1919, respondent, Cooperative Publishing Company, which hereinafter will be referred to as the corporation, authorized the issuance of first mortgage gold bonds totaling $75,000. On the same date the corporation executed a chattel mortgage or deed of trust to secure the bonds, which mortgage covered the printing plant, machinery and equipment of the corporation, and delivered the same to a board of trustees. Approximately $26,000 of the authorized issue of bonds were actually disposed of by the corporation. These bonds by their terms matured May 1, 1929, and carried interest at the rate of six per cent payable annually.

The corporation borrowed $5,000 from a local bank. Among others, Brandt and Powell guaranteed the payment of this obligation. To secure Brandt and Powell upon their indorsement of the note there was deposited with them by officers of the corporation, to be held as collateral security $15,000 of the bonds issued by the corporation. Of this amount, $9,000 were loaned to the corporation by various individuals who had theretofore purchased the same, for the purpose of enabling the corporation to raise funds and to be returned to the owners under certain conditions; and $6,000 were issued and delivered to Brandt and Powell direct, the same not having been theretofore sold or delivered by anyone.

The note became due, the bank refused to accept a renewal, and on May 6, 1925, at an alleged meeting of the directors, Brandt and Powell were authorized by resolution "to sell or dispose of said bonds in any manner they see fit to satisfy the loan of Five Thousand Dollars which they secured for the Cooperative Publishing Company and which money was used in the business of said company." Thereafter, negotiations were carried on with appellant which culminated in his paying the note due at the bank, amounting to $5,172, and receiving from Brandt and Powell, with the approval of a majority of the directors, including Brandt and Powell, the $15,000 of bonds theretofore held as collat-

eral security by Brandt and Powell. Default was made in the payment of interest on the bonds held by appellant for the years 1920 to 1924, inclusive. He made a written request and demand upon the trustees for the institution of foreclosure proceedings, and the trustees refusing to institute an action, appellant filed an action in foreclosure, alleging default in the payment of interest, that he was the owner and holder of $16,000 of the bonds of the corporation, and that under the terms of the chattel mortgage, as the owner and holder of a majority of the bonds issued, he was entitled to bring action for the foreclosure of the chattel mortgage.

The corporation by its answer denied appellant's title in and to the $16,000 worth of bonds, other than $1,000 thereof. The answer also raised the question of the legality of the directors' meeting of May 6, 1925, and denied appellant's right to bring the foreclosure action under the terms of the chattel mortgage. Certain bond owners who had loaned their bonds to the corporation for the purposes heretofore stated, set up their ownership to said bonds in a complaint in intervention, and raised substantially the same questions as contained in the answer of the corporation, and in their prayer for relief asked that the bonds be delivered to them as owners and that the action be dismissed.

After trial of the action to the court it found that of the $26,000 in bonds issued by the corporation, appellant was the owner of but $1,000 thereof; that divers and various persons are the owners of $15,000 of the bonds held by appellant, and that under the terms and conditions of the chattel mortgage or otherwise appellant was not authorized to proceed with or maintain his action. Judgment was entered dismissing the action, from which appellant appeals.

Of the $15,000 in bonds held by appellant, $9,000 thereof were delivered to the corporation with authority of the owners and prior holders to pledge the same as collateral security to raise money for the corporation, and they were so pledged to Brandt and Powell; and $6,000 in bonds were issued direct to Brandt and Powell by resolution of the

board of directors of the corporation, to be held as a pledge and to be resorted to in the event Brandt and Powell were called upon to pay the $5,000 obligation of the corporation indorsed by them. Upon the payment of the obligation of the corporation, with interest, by appellant, the $15,000 in bonds were delivered to him and he held them as a pledge, as had Brandt and Powell. Had Brandt and Powell paid the obligation directly, it would not have been necessary for them to have reduced the bonds to ownership, provided they held them legally, before bringing an action to foreclose the mortgage, since, as found by the court, there were $26,000 in bonds of the corporation issued, and Brandt and Powell held a majority thereof, and the mortgage providing that the holders of a majority of the bonds issued and outstanding might bring an action in foreclosure after written demand upon the trustees to institute such action and their refusal so to do. The corporation's obligation of $5,000 was paid and it received the benefit of the payment and pledged $6,000 of its bonds and $9,000 of bonds belonging to individuals who had delivered the same to the corporation for the purpose of pledging them to obtain funds. The corporation, having received the benefit in the discharge of its obligation, could not raise the question of the illegality of the issuance of the $6,000 of the bonds. (*Portland Cattle Loan Co. v. Hansen L. & F. Co.*, 43 Ida. 343, 251 Pac. 1051; *Lowe v. Los Angeles etc. Co.*, 24 Cal. App. 367, 141 Pac. 399; *Smith v. Sinaloa Land etc. Co.*, 42 Utah, 445, 132 Pac. 556.) The individual bond owners, having delivered their bonds to the corporation, with authority to pledge the same to raise money for the corporation, in effect authorized the corporation to dispose of the bonds in any way it saw fit, and the pledgee's right to foreclose such bonds upon default of the corporation to pay its obligation could not be defeated by the individual bond owners. The trial court erroneously adopted the theory that the bonds only were pledged and not the property secured by them, and that therefore before the pledgee could resort to the property secured by the bonds it was necessary for him to reduce the bonds to

ownership. The holder of pledged notes secured by a mortgage may foreclose the same. (*Farmers & Merchants' Bank v. Copsey*, 134 Cal. 287, 66 Pac. 324; *Bowman v. Sears*, 63 Cal. App. 235, 218 Pac. 489; *Hoult v. Ramsbottom*, 127 Cal. 171, 59 Pac. 587; *Fernandez v. Tormey*, 121 Cal. 515, 53 Pac. 1119.) And either the owner or pledgee of a note and mortgage may sue thereon. (*Merced Bank v. Price*, 9 Cal. App. 177, 98 Pac. 383, 389.) The pledgee is bound to collect such debt when due. (*Traders' Bank v. Wilcox*, 42 Cal. App. 24, 183 Pac. 256.) Upon a pledge of bonds secured by mortgage, the pledgee has a right to foreclose the mortgage. (31 Cyc. 886.) It would seem, therefore, that the rule is well established that a pledgee of commercial paper, when the obligation becomes due, has a right without reducing the paper to ownership, and in fact it is his duty, to collect the same by foreclosure or otherwise.

Appellant's right to maintain the action, although all the bondholders may not have been made parties defendant, cannot, we think, be questioned. The trustees were made parties defendant. Where the bondholders are so numerous that it would not be practicable to join them all, as in the case of a trust mortgage securing a large issue of bonds, the bondholders may be sufficiently represented by the trustees. (42 C. J., pp. 44, 45, sec. 1558; Jones on Corporate Bonds & Mortgages, 3d ed., p. 431, sec. 392; 3 Jones on Mortgages, 8th ed., p. 223, sec. 1771.)

While it is true appellant's complaint alleges that he is the owner as well as the holder of bonds of the corporation to the amount of $16,000, and the proof shows that he is the owner of but $1,000 of the bonds but the holder of bonds to the amount of $16,000, the court may in such circumstances grant any relief consistent with the case made by the complaint and embraced within the issues. (C. S., sec. 6829; *Burke Land Co. v. Wells Fargo Co.*, 7 Ida. 42, 60 Pac. 87; *Stocker v. Kirtley*, 6 Ida. 795, 59 Pac. 891; *Dover Lbr. Co. v. Case*, 31 Ida. 276, 170 Pac. 108.)

The coupons were not separate contracts for the purpose of foreclosure, and the trial court did not err in

so holding and in refusing to grant appellant relief upon that theory.

No attorney fee was stipulated, and there was no evidence submitted which could form the basis of a judgment for attorney fees.

The judgment is reversed and the cause remanded, with instructions to the trial court to set aside the judgment dismissing the action. Costs awarded to appellant.