[Civ. No. 7813. Second Appellate District, Division Two.—June 8, 1933.]

WILLIAM C. HILLIER, Appellant, v. PAUL MUTH et al., Respondents.

Fred A. Shaeffer for Appellant.

M. A. Fitzgerald for Respondents.

ARCHBALD, J., *pro tem.*—Action by plaintiff to recover of defendants alleged usurious interest payments made by him. From the judgment in favor of defendants plaintiff has appealed.

On or about September 25, 1928, plaintiff made a written application to defendant Central Counties Finance Co., Inc., ''for the purpose of obtaining a loan through you from the Mercantile Acceptance Corporation, or the Western States Acceptance Corporation'', with his automobile as security. The amount of the loan applied for was $1,000 for twelve months, and in the application plaintiff agreed to pay said defendant company a commission of seven and one-half per cent for its services in procuring it, ''said commission to be deducted'' from the loan. Defendant Paul Muth was the manager of defendant Central Counties Finance Company, and was the one with whom plaintiff conducted his negotiations. Plaintiff was informed by Muth that the latter's company did not make such loans, but that it would procure one for him from the Mercantile Acceptance Corporation, and that such corporation would require plaintiff to place insurance on his car with it. The insurance amounted to $84.10, the brokerage to be paid defendant Central Counties Finance Co., Inc., $66.31, and Muth appraised the car as good for $800 in cash net to plaintiff. To the aggregate of such net cash, insurance and brokerage was added $57.59 for interest, making a total of $1,008. A conditional sale agreement was executed by de-

fendant company as "seller" and plaintiff as buyer, covering plaintiff's automobile, which agreement was dated September 28, 1928, and called for the payment of $84 per month, beginning one month after the date of said contract and continuing for twelve months, a total of $1,008, any unpaid balance to bear interest after maturity of twelve per cent per annum, and all payments of principal and interest to be made "at the office of Mercantile Acceptance Corporation of California, 142 Sansome St., San Francisco". The contract was then assigned by Central Counties Finance Company to said Mercantile Acceptance Corporation. Evidence was admitted over objection of plaintiff to show that while the $800 net was advanced to plaintiff by defendant company, said defendant was repaid such amount plus the brokerage charge agreed to be paid by plaintiff, by a check of the Mercantile Acceptance Corporation for $866.31, and that all payments received by said defendant from plaintiff were turned over to said Acceptance Corporation.

The court found in effect that plaintiff applied to defendant company requesting it to obtain such loan from said Acceptance Corporation, and agreed to pay the commission named for so doing; that pursuant to such request the loan was obtained; that for the purpose of securing the same the lease contract above mentioned was executed and conveyed to the Acceptance Corporation; that said loan was not made by defendant company but by said Acceptance Corporation, and that all payments made by plaintiff under it were taken and received by that concern.

Appellant urges that inasmuch as the evidence shows without dispute that defendant Central Counties Finance Co., Inc., paid him the $800 and accepted certain payments from him on the loan, or charges in connection with it, and took possession of his car when he was in default, stored it and ordered certain repairs made, and as the contract is signed by said defendant, any evidence showing that the payments were made to the Mercantile Acceptance Corporation is immaterial and tends to vary the terms of a written contract, and to prove something not set up in the answer as a defense.

As a part of his case plaintiff introduced in evidence the conditional sale agreement. This on its face purported to evidence the conditional sale of an automobile, and did

not show a loan, although introduced as showing a loan and a provision for usurious interest. Both sides agreed that there was no sale involved, but that the instrument was security only for a loan. The monthly payments were required by the contract relied upon to be made at the offices of the Acceptance Corporation, and there is so much ambiguity in the instrument that parol as well as written evidence as to the entire transaction was clearly admissible (sec. 1860, Code Civ. Proc.). ■ Such evidence showed without question that the loan was made exactly as found by the court—not by defendant Central Counties Finance Co., Inc., but by the Mercantile Acceptance Corporation. Under the circumstances such evidence was properly admitted, under the specific denials of the answer.

■ Section 3 of the Usury Law (Stats. 1919, p. lxxxiii; 2 Deering's Gen. Laws, p. 1908), on which the complaint herein is based, gives the right to recover trebled usurious interest to the person paying such interest, "against the person, company, association or corporation who shall have taken or received the same, or his or its personal representative". In other words, it is a personal action against the party exacting the usurious interest. The words "personal representative" do not mean "agent", but are used in the sense of "executor" or "administrator"; and as the evidence shows that the Central Counties Finance Company was simply the agent of the real party in interest, the findings and judgment in favor of defendants are supported by the evidence.

■ There would seem to be no doubt but that the finding that the interest paid was at the rate of 7.01 per cent is in error. The interest of $57.59 charged in the conditional sale agreement was just within the law, and the finding of the court that in addition thereto there was collected the further sum of $20.90 "as interest on delinquent payments" shows that the loan was in fact usurious; but that is immaterial so long as the party who took and received such payments was not before the court.

Judgment affirmed.

Craig, Acting P. J., and Stephens, J., concurred.