## NEWCOM et al. v. COMPTON.

### No. 12112.

Court of Civil Appeals of Texas. Dallas.

May 1, 1937.

Rehearing Denied June 5, 1937.

W. S. Bramlett, of Dallas, for appellants.

Geo. Clifton Edwards, of Dallas, for appellee.

BOND, Justice.

Only one phase of this case is appealed, that is, the judgment in favor of appellee,. Robert Compton, against appellants J. O. Newcom and R. A. Bird, for the sum of $40 and against appellant R. E. Bramlett for the sum of $60, arising from an alleged usurious transaction. There are other elements in the suit affecting other defendants, from which no appeal is perfected.

The cause was submitted to the trial court without the intervention of a jury, and the court found that the transaction on which the judgment was rendered is usurious; J. O. Newcom receiving the sum of $20 as usurious interest, and R. E. Bramlett receiving $30 usurious interest. The court further found that J. O. Newcom, having received the $20 with actual knowledge of the usurious character of the transaction, binds R. A. Bird, making him also liable, jointly and severally, with J. O. Newcom. Such conclusions are based on the following uncontroverted facts:

Appellee, Robert Compton, purchased from Ed Maher, Inc., an automobile for which he paid $19 cash, gave another automobile at an agreed value of $71, and executed his note for the sum of $341.50. This note included $54 usurious interest. Appellant J. O. Newcom, knowing these facts, negotiated a sale of the $341.50 note from Ed Maher, Inc., to the appellant R. E. Bramlett. In this sale, Bramlett paid to Ed Maher, Inc., by check the sum of $275, and to Newcom, $20. While the note was in the hands of Bramlett, Compton paid $130 on the note, leaving a balance of $211.50. This balance was assigned by Bramlett to J. Earl Presley, for which Presley paid to Bramlett $30 in excess of the amount he had paid for the note. Thereafter, the indebtedness was assigned by successive transfers to various other parties; finally the note was paid by appellee.

Recovery for usury is only allowed against the party receiving or collecting from the party paying, or his representative, unlawful interest. So, where the maker of a usurious contract makes payments which do not exceed the principal sum due, the party receiving and collecting such payments is paid no interest, thus the party paying could not recover from him statutory penalty. The related facts in this case do not show that appellee, Compton, paid to appellant Newcom the $20, for which he and R. A. Bird were penalized by the court in double that amount, and there is no evidence that appellee paid to appellant Bramlett the $30, for which he is penalized. On the contrary, the record conclusively shows that the $20 was paid to Newcom by personal check of Bramlett, before any money was ever paid by Compton on the

406

note, and the $30 was paid to Bramlett by J. Earl Presley at a time when the balance due on the note was $211.50. All of the principal of the note, $275, had never been paid when Newcom and Bramlett received, respectively, the $20 and $30. If, indeed, any interest was paid on the note, it was paid to and received by subsequent assignees; obviously, neither Newcom nor Bramlett received or collected any interest on the note, therefore, are not liable for the penalty. Appellant Newcom not being liable for usury, it follows that appellant Bird is not liable, if, in fact, he would be liable because of the acts of Newcom. The trial court found Bird guilty because Newcom received the $20 from Bramlett, with knowledge that the transaction was usurious. Recovery for usury is allowable only to the party paying interest and against the one receiving or collecting interest, and not based on acts or knowledge of a third party.

The judgment of the lower court is reversed and here rendered in favor of the appellants.