[Civ. No. 18793.   First Dist., Div. Two.   Apr. 18, 1960.]

CHARLES P. GUYSELMAN et al., Respondents, v. ROBERT J. RAMSEY, Appellant.

Caldecott & Peck and Patricia J. Smith for Appellant.

Hardy, Carley, Thompson & Love and William S. Love for Respondents.

GOOD, J. pro tem.*—Defendant and cross-complainant appeals from a summary judgment entered in favor of plaintiffs and cross-defendants in a case arising out of a promissory note for $8,000 with interest at 5/6 of 1 per cent per month, dated January 3, 1957, and payable $60.48 interest only the first month, 42 monthly installments of $100 each thereafter and the entire balance of principal and interest one month after the last of the $100 payments. Execution of the note is not denied by defendant. Both parties will be referred to herein simply as plaintiff and defendant. However, as two promissory notes require reference the note sued upon will be referred to as ''Subject Note'' and a note

*Assigned by Chairman of Judicial Council.

pledged as security for the subject note and executed October 10, 1956, by Ramsey Corporation to defendant will be referred to as "Pledged Note."

The pledged note was secured by a second deed of trust on certain property on Broderick Street in San Francisco that by reference to Book 6136 Official Records of the City and County of San Francisco incorporates the standard provisions authorizing a beneficiary to collect rentals in the event of specified defaults including failure to pay installments of either the pledged note or any note secured by any prior deed of trust. A first deed of trust subsisted against the Broderick Street property. The "Pledge of Note and Deed of Trust and Chattel Mortgage and Agreement of Guaranty" dated January 3, 1957, contained provisions authorizing but not requiring plaintiffs, as pledgees, to collect all amounts accruing under the pledged note and to enforce payment thereof; gave plaintiffs the election to proceed against defendant upon the loan ($8,000) without first proceeding upon the note or the deed of trust or exhausting any other security; and, provided for an endorsement of the pledged note to plaintiffs together with assignment and delivery of the deed of trust, possession thereof to be retained for the purposes of the pledge.

The subject note represented a loan procured through the agency of Pacific Plan (whose identity with Pacific Home Finance and Mortgage Co., Inc., sometimes referred to as Pacific Home, appears to be conceded by the parties) pursuant to an "Agency Agreement Proposing Pledge" executed by defendant on October 19, 1956, wherein defendant appointed Pacific Plan his agent to find and procure a lender willing to lend $8,000 upon the terms and pledge therein specified. This agreement contained an estimate of costs and brokerage specifically authorizing the deduction of $1,200 brokerage from loan funds payable to defendant if the loan was consummated.

The complaint filed May 15, 1958, alleged the execution and delivery of the subject note, which was incorporated by reference and that the installments due on the first days of April and May, 1958, were unpaid and in default. It further alleged that 11 installments of principal and interest accruing under the pledged note were due and unpaid. Pursuant to the acceleration clause of the subject note, by reason of both alleged defaults, plaintiffs declared the entire balance of principal and interest due and sought judgment therefor

with costs and attorney's fees. Defendant's answer and cross-complaint admits the execution of said note, alleges payment "of sums in excess of those set forth" in the complaint and that plaintiffs through their agents, Pacific Home, had seized certain sums belonging to defendant and held or applied them to other and unauthorized purposes. Default is denied in both subject note and pledged note. Usury is pleaded as a special defense and by way of cross-complaint for treble interest. The exaction of $1,200 brokerage is alleged as the basis of the usury charge. Other causes of cross-complaint seek (a) to quiet title to the Broderick Street property against any claims of plaintiffs; (b) to recover money seized by plaintiffs to the use and benefit of defendant; and (c) to recover damages claimed to have been sustained as a result of plaintiffs' seizure of "certain assets belonging to defendant" in serving upon his tenants a notice of assignment of rents and subsequent collection thereof. The answer to the cross-complaint contains routine admissions and denials and in addition pleads the pledge agreement hereinabove mentioned and the assignment of the deed of trust securing the pledged note and claims the right to collect rentals accruing from the property subject to said deed of trust because of defaults in both the subject and pledged notes together with the right to apply rentals so collected to the payment of installments accruing under the prior or first deed of trust. It further denies exaction of or receipt by plaintiffs of all or any portion of the $1,200 brokerage paid by defendant.

The affidavits in support of the motion for summary judgment aver that $1,360.48 was paid on the subject note between February 1, 1957, and March 1, 1958, and that $968.74 in rentals (after expenses) had been collected and paid to said Bank of America but that said sum was not sufficient to cure the default under the first deed of trust. The opposing affidavits state that the action is upon a note secured by a deed of trust under which no foreclosure has been attempted or notice of default recorded; that Pacific Homes and Pacific Plan as plaintiffs' agents have received $968.74, which is over $300 in excess of monthly installments accruing from April 1 through September, 1958, and further aver that Pacific Homes, as such agents did demand and receive $1,200 in addition to the interest called for in the subject note at the time of its execution; and that at the time of service of the notice of assignment of rentals the first deed

of trust was not in default but was in process of liquidation, negotiations for which had proceeded to a point where only the signatures were needed to consummate same. A later opposing affidavit states that said bank was not the owner of the note and first deed of trust but held same only by reason of its hypothecation by named third persons who retained the beneficial interest and with whom defendant had numerous conversations and arrangements whereby they agreed to ''work along with defendant'' and further avers on information and belief that no default had been declared ''even though there have been late payments made on said instruments.''

Defendant contends that the subject note is secured by a deed of trust and therefore this action is barred by section 726, Code of Civil Procedure. He argues that the transaction was not a pledge by reason of the assignment of the pledged note and its security, the deed of trust. In effect, his argument is that the transaction constitutes plaintiffs the holders of a third deed of trust on the Broderick Street property. But it has been held that a note and mortgage may be the subject of a pledge and that the pledgee of a pledged note and mortgage acquires sufficient interest therein to collect the note and mortgage. (*Farmers & Merchants Bank* v. *Copsey*, 134 Cal. 287 [66 P. 324] ; *Western Mortgage etc. Co.* v. *Gray*, 215 Cal. 191 at page 201 [8 P.2d 1016, 80 A.L.R. 866].) Contrary to defendant's assertion that there was an assignment of complete ownership of the pledged note and trust deed the assignment, as evidenced by the pledge agreement, is clearly limited as security for the payment of the subject note. It follows that plaintiffs are not barred by the provisions of said section 726.

Defendant's next contention is that the note is usurious by reason of the brokerage aforesaid. The contention would be sound if Pacific Plan or Pacific Home was plaintiffs' agent for the purpose of making the loan or if, by collusion or otherwise, it participated or shared in the brokerage. The record is devoid of any inference of such agency or participation. The original agreement executed about three months before the loan was made constitutes the Pacific Company defendant's agent. Its later designation by plaintiffs to receive payments on the subject note and to enforce the pledge agreement does not charge them with usury.

The only remaining questions that require attention are whether or not the answer or opposing affidavits

filed by defendant created any real or substantial issues that required trial and whether or not the supporting affidavits are in themselves sufficient to support the judgment. ▮▮ In order for a party to prevail on his motion for summary judgment the supporting affidavits must state facts covering every element necessary to sustain a judgment in his favor. (*Southern Pacific Co.* v. *Fish,* 166 Cal.App.2d 353, 364 [333 P.2d 133].) ▮▮ The supporting affidavits herein filed by plaintiffs are clear as to the defaults of the installments of April 1, 1958, and thereafter unless plaintiffs' collection of rentals aforesaid had to be applied to the subject note instead of to the deed of trust that was prior to the pledged second deed of trust. In this connection the terms of the second deed of trust clearly authorize the beneficiary to collect rents upon default of the trustor and to pay the amounts due under any prior encumbrance to the extent deemed necessary to protect the security if trustor fails to do so. Defendant's opposing affidavits do not controvert the averments that the rentals were in fact paid to the Bank of America as beneficiary under the prior encumbrance. One of them admits late payments had been made on the first deed of trust. On the whole, and giving defendant's affidavits the liberal construction to which they are entitled (*Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553 [122 P.2d 264]), the opposing affidavits contain only a number of ambiguous, equivocal or conclusionary statements, hardly rising to the level of facts showing a good and substantial defense set forth with particularity; e.g., ''in reality there was no default . . . [as] . . . the parties [trustor and beneficiary, first trust deed] were negotiating'' discount and liquidation thereof and defendant ''is informed and believes'' that agreement therefore had been reached. ▮▮ An allegation upon information and belief of a fact of which a party is chargeable with direct knowledge is not sufficient to create an issue. (*Johannsen* v. *Klipstein,* 104 Cal.App. 128 [284 P. 1047].) ▮▮ The same rules that apply to pleadings will be applied to the construction of affidavits filed pursuant to section 437c, Code of Civil Procedure, subject to the respectively strict and liberal construction of the supporting and opposing affidavits.

▮▮ Defendant argues that the supporting affidavits are insufficient because some of the facts essential to support the judgment depend upon reference to the pleadings or documents incorporated in the pleadings. Such reference is not

improper. (*Gardenswartz* v. *Equitable etc. Soc.*, 23 Cal.App. 2d Supp. 745 [68 P.2d 322].)

The judgment and order appealed from are affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied May 18, 1960, and appellant's petition for a hearing by the Supreme Court was denied June 14, 1960. Peters, J., was of the opinion that the petition should be granted.