[Civ. No. 25966.   Second Dist., Div. Three.   Jan. 24, 1963.]

RICHARD H. CLARKE, Plaintiff and Appellant, v. SAM HORANY et al., Defendants and Appellants.

Hal L. Coskey and Max Goldenberg for Plaintiff and Appellant.

Ellis & Sloan, Lyle C. Ellis and George D. Sphier for Defendants and Appellants.

FILES, J.—This is an action brought under section 3 of the Usury Law[1] to recover treble damages for interest paid. After a trial without a jury the court gave judgment in favor of all defendants. Thereafter the court granted plaintiff's motion for a new trial, specifying insufficiency of the evidence as one of the grounds for the ruling. Defendants have appealed from the order granting a new trial and plaintiff has taken a cross-appeal from the judgment, invoking the procedure authorized by rule 3(b) of the California Rules of Court.*

In passing upon plaintiff's motion for a new trial the trial court was entitled to reweigh the evidence. Where the trial court determines, in the exercise of its discretion, to grant a new trial on the ground of insufficiency of the evidence, that determination cannot be reversed on appeal if there is in the record substantial evidence to support a judgment in favor of the moving party. (*Mercantile Trust Co.* v. *Sunset etc. Co.*, 176 Cal. 451, 456 [168 P. 1033]; *Henderson* v. *Drake*, 188 Cal.App.2d 777, 779 [258 P.2d 879].)

For the purpose of this appeal the only facts which need be detailed are some which are not in dispute. In 1955 plaintiff purchased a parcel of real property and gave the vendors a trust deed and note in the face amount of $20,000,

---

[1] "Every person, company, association or corporation, who for any loan or forbearance of money, goods or things in action shall have paid or delivered any greater sum or value than is allowed to be received under the preceding sections, one and two, may either in person or by his or its personal representative, recover in an action at law against the person, company, association or corporation who shall have taken or received the same, or his or its personal representative, treble the amount of the money so paid or value delivered in violation of said sections, providing such action shall be brought within one year after such payment or delivery. . . .'" (Stats. 1919, p. lxxxiii; Deering's Gen. Laws Ann., 1954, Act 3757; § 3, West's Ann. Civ. Code, § 1916-3.)

*Formerly Rules on Appeal, rule 3(b).

bearing interest at 6 per cent per annum. The payees of the note then transferred it to the defendants Sam Horany and Ann Horany. Plaintiff failed to pay the note and the Horanys commenced proceedings to foreclose the trust deed. In February 1958 the Horanys signed a document whereby they agreed to have defendant Norman N. Mamey negotiate with plaintiff. The document indicated that the Horanys would accept (from plaintiff) $3,000 in cash and $20,000 within six months, and provided further than Norman Mamey might retain for his services anything received in excess of $23,000.

Negotiations then took place between plaintiff, plaintiff's attorney and the defendants. Eventually the parties reached an agreement for refinancing the property, which was consummated through an escrow at the Glendale Savings and Loan Association. Pursuant to this agreement on March 21, 1958, plaintiff executed a new note in favor of the Horanys in the face amount of $23,000, payable within eight months and bearing interest at the rate of 10 per cent per annum. The Horanys also received out of the escrow on April 3, 1958, a check in the amount of $4,000, which they endorsed and cashed. Subsequently the Horanys paid $4,000 to the two Mameys in the form of six checks over a period of time. As of March 21, 1958, the total of principal and interest due on the old note was $22,706.66. The new note was paid in full, and this action was commenced on April 2, 1959.

The parties do not dispute that the Usury Law has been violated if the $4,000 is regarded as a payment to the creditor for a forbearance of eight months.[2]

The parties are in disagreement as to what was the true relationship of the parties, what was the consideration for the $4,000, and as to what services, if any, the Mameys actually performed. Nevertheless, it was permissible for the trier of the fact to infer that the transaction was exactly what the documentary evidence indicates: that the Mameys were the representatives of the Horanys, that compensating the Mameys was the Horanys' obligation, that any payment by plaintiff to

[2]The Usury Law, under which this action was brought, set a maximum interest rate of 12 per cent per annum. (Stats. 1919, p. lxxxiii; Deering's Gen. Laws Ann., 1954, Act 3757, § 1; West's Ann. Civ. Code, § 1916-1.) The adoption of article XX, section 22, of the California Constitution in 1934 established a new maximum rate of 10 per cent. However, this constitutional amendment did not repeal or supersede the penal provisions set forth in section 3 of the Usury Act of 1919. (*Penziner* v. *West American Finance Co.*, 10 Cal.2d 160 [74 P.2d 252].)

or for the Mameys was in effect a payment to or for the Horanys, and that the Horanys had required the plaintiff to give $4,000 cash and a $23,000 note bearing 10 per cent interest to obtain an eight-month forbearance on a debt of $22,706.66. The transaction, so construed, would be clearly usurious whether or not the Mameys had actually rendered services to the Horanys worth $4,000. "The exaction of a commission from the borrower by the lender's agent will render the transaction usurious if such exaction is known to and authorized or ratified by the lender." (*Penziner* v. *West American Finance Co.*, 133 Cal.App. 578, 589 [24 P.2d 501]. See *Nuckolls* v. *Bank of California*, 10 Cal.2d 278, 285-286 [74 P.2d 264, 114 A.L.R. 708]; *Niles* v. *Kavanagh,* 179 Cal. 98, 100 [175 P.462. 1 A.L.R. 831]; *Guyselman* v. *Ramsey,* 179 Cal.App.2d 802, 806 [4 Cal.Rptr. 133]; anno: 52 A.L.R. 2d 748.) Inasmuch as there is evidence that the Horanys received both the $4,000 and full payment of the $23,000 note during the year preceding the action, the evidence is sufficient to support a judgment against them for treble damages under the Usury Law, and the order granting plaintiff a new trial against those defendants was proper.

The Mameys stand in a different position. There is no evidence that they were lenders, or that they "have taken or received" any payment from plaintiff, except what they received from or through the lenders. Under the evidence, the Mameys' only connection with the transaction was as intermediaries of some kind, acting on behalf of one party or both. If the $4,000 which ultimately went to the Mameys is usury, it is only on the theory that the payment of it was exacted by the creditors, the Horanys, and that the payment of the $4,000 is deemed to be to or for the account of the creditors in consideration of their forbearance. There is no evidence in this case which would support a finding that the Mameys were parties to any joint venture or partnership with the Horanys in lending money or extending credit (as distinguished from concerted action to exact usurious interest).

The plaintiff's pleading alleges that the Mameys and the Horanys acted jointly in exacting a usurious charge, and the evidence does, of course, permit such an inference to be drawn. Plaintiff's contention is that the Mameys should be held as joint tortfeasors or, as plaintiff's counsel prefers to call them, "conspirators." If the cause of action here were for a common-law tort such as trespass, defamation,

deceit or unfair competition, plaintiff's theory would be applicable. Liability for taking usury rests on a different foundation. The liability is purely statutory (see *Penziner v. West American Finance Co.,* 10 Cal.2d 160, 170 [74 P.2d 252]) and the statute makes no provision for imposing liability on agents or abettors of the offending creditor. (*Penziner* v. *West American Finance Co.,* 133 Cal.App. 578 [24 P.2d 501]; *Hillier* v. *Muth,* 132 Cal.App. 486 [23 P.2d 46]; cf. *Milo Theater Corp.* v. *National Theater Supply,* 71 Idaho 435 [233 P.2d 425]; *Newcom* v. *Compton* (Tex. Civ. App. 1937) 106 S.W.2d 405; *Commerce Trust Co.* v. *Best,* 124 Tex. 583 [80 S.W.2d 942].)

The distinction is illustrated by the holding in the first appeal in the *Penziner* case. The appeal was from a judgment for defendants after a demurrer had been sustained. The complaint alleged that several defendants had acted jointly. It was there decided that the first count in the complaint, which was for fraud, stated a cause of action against all of the defendants; but the other three causes of action, based upon the Usury Law, stated no cause of action against anyone except the lender. The appellate court said: "The recipient of the interest alone is liable." (133 Cal.App. at p. 588.)[3]

The fact that the Mameys benefited financially from the transaction in the case at bench does not place them in any worse position than any other agent or employee of the usurer who receives compensation for his services.

*Calimpco, Inc.* v. *Warden,* 100 Cal.App.2d 429 [224 P.2d 421], relied upon by plaintiff, does not support a judgment against the Mameys. The *Calimpco* case held that where the lender was a partnership, recovery could be had from the partners individually; and that where the lender was a corporation, there could be recovery against the officers and directors of the corporation. The liability of a partner is a necessary consequence of the basic principle of partnership law that a partner is individually liable for partnership obligations. The liability of the corporate officers and directors was based upon the last sentence of section 3 of the Usury Law which states: "The penalties herein pro-

[3]The court in *Penziner* appears not to have considered whether the individuals were liable as officers and directors of the lender corporation under the last sentence of section 3 of the Usury Law. (Cf. *Calimpco, Inc.* v. *Warden,* 100 Cal.App.2d 429, 445 [224 P.2d 421], discussed *infra.*)

vided . . . shall apply to and be imposed upon each member of any unincorporated company, association, or of any copartnership and upon each officer and director of a corporation who shall violate either of said sections.'' There is no comparable provision covering the agents of individual violators.

Since the evidence would not support any judgment against the Mameys, and since we find no error of law upon which a new trial could have been granted on plaintiff's motion, the order granting plaintiff's motion for a new trial as against the Mameys was an abuse of discretion and must be reversed. (*Rowe* v. *Edwards,* 152 Cal.App.2d 648, 653 [313 P.2d 82].)

What has been said here disposes of plaintiff's cross-appeal from the judgment. The judgment in favor of the Horanys was properly set aside by the trial court, and the appeal from this part of the judgment is therefore moot. (See 3 Witkin, California Procedure, 2299.)

On the Horanys' appeal from the order granting a new trial, the order is affirmed. On the Mameys' appeal, the order granting a new trial is reversed. On the plaintiff's appeal from the judgment, the judgment in favor of the defendants Mamey is affirmed, and the plaintiff's appeal, insofar as it relates to the Horanys, is dismissed as moot. Plaintiff shall recover costs from the Horanys, and the Mameys shall recover costs from plaintiff.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied February 18, 1963, and the petition of plaintiff and appellant for a hearing by the Supreme Court was denied March 20, 1963.