[Civ. No. 49515. Second Dist., Div. Two. June 3, 1977.]

LA FRANCE ENTERPRISES et al., Plaintiffs and Appellants, v.
ALBERT VAN DER LINDEN et al., Defendants and Respondents.

**COUNSEL**

Baird, Baird, Wulfsberg, Belgum & Chel, Baird, Baird, Wulfsberg & Belgum and Lawrence C. Buchanan, for Plaintiffs and Appellants.

William Kinley and Thomas G. Styskal for Defendants and Respondents.

**OPINION**

**COMPTON, J.**—Plaintiff Madelaine Silverman together with her husband formed a corporation known as LaFrance Enterprises for the purpose of acquiring a liquor store business. The corporation purchased the business from one Tony Pickard in 1970.

Although the record is far from clear as to the details of the transaction, it appears that the business was somehow encumbered as security for a promissory note in favor of the defendants Albert and Katrina Van Der Linden. Pickard was personally obligated on the note which bore a 9½ percent interest rate.

The terms of the sale were that Pickard would receive $65,000 plus the value of the inventory and La France Enterprises would assume the obligation on the note which had an outstanding balance of some $42,000. The Van Der Lindens agreed to permit the assumption by the corporation on several conditions: (1) Pickard would remain a guarantor of the note; (2) Madelaine Silverman would personally guarantee the note; (3) the rate of interest would be increased to 10 percent; and (4) Madelaine Silverman and another individual would execute a noninterest bearing note in favor of the Van Der Lindens for $3,200 payable at $75 per month.

Subsequently the business deteriorated to the point that Pickard again took it over. Madelaine and La France Enterprises then initiated an action against the Van Der Lindens seeking to recover the amount of interest paid on a note alleging that the interest charged was usurious.

Article XV, section 1 of the California Constitution provides in part:

"The rate of interest upon the loan or forbearance of any money, goods or things in action, or on accounts after demand or judgment rendered in any court of the State, shall be 7 per cent per annum but it shall be competent for the parties to any loan or forbearance of any money, goods or things in action to contract in writing for a rate of interest not exceeding 10 per cent per annum.

"No person, association, copartnership or corporation shall by charging any fee, bonus, commission, discount or other compensation receive from a borrower more than 10 per cent per annum upon any loan or forbearance of any money, goods or things in action."

The trial court took the position that the second promissory note for $3,200 was in effect an additional 2 percent on the larger obligation which resulted in an aggregate of 12 percent interest. The written findings here, however, recite that the additional 2 percent was "to procure the transfer of the business" from Pickard to La France Enterprises.

It appears that on April 10, 1973, the date that the original complaint was filed in the action, La France Enterprises was suspended by virtue of its failure to pay franchise taxes (Rev. & Tax. Code, § 23305).[1]

On February 3, 1975, while the action was still pending La France Enterprises was again suspended. On November 21, 1975, the trial court announced a proposed decision favorable to plaintiff. The corporation

---

[1]Revenue and Taxation Code section 23305 provides: "Any taxpayer which has suffered the suspension or forfeiture provided for in Section 23301 or Section 23301.5 may be relieved therefrom upon making application therefor in writing to the Franchise Tax Board and upon payment of the tax and the interest and penalties for nonpayment of which the suspension or forfeiture occurred, together with all other taxes, deficiencies, interest and penalties due under this part, and upon the issuance by the Franchise Tax Board of a certificate of revivor. Application for such certificate on behalf of any domestic bank or corporation which has suffered such suspension may be made by any stockholder or creditor or by a majority of the surviving trustees or directors thereof; application for such certificate may be made by any foreign bank or corporation which has suffered such forfeiture or by any stockholder or creditor thereof."

was revived on January 15, 1976, and on February 6, 1976, the trial court filed its written intended decision as follows:

"The Court finds (per Exhibit 1) the aggregate of $6,503.78 was paid within 2 years of commencement of this action as interest on notes # 105 and # 205. Payments made through escrow after filing of this action aggregate $2,077.71. Recovery of said latter sum is not available, no supplemental complaint having been filed herein. As to the former sum, the Court finds it would be recoverable herein but for the suspension of plaintiff corporation during the period of the trial herein. While it appears from the record that it is now revived as of January 15, 1976, it is significant to note that this Court's preliminary decision and order favoring plaintiff corporation was made November 21, 1975, after submission on trial of October 23, 1975. It appears therefrom that the corporation is not entitled as of the date of trial to prosecute this action and therefore cannot recover herein at this time (and that recovery in a new action would be barred as beyond the period provided in the Usury Act and beyond the two-year statute of limitations—[such parenthetical reference not now being grounds for decision herein]).

"To permit recovery in the face of the suspension would defeat the purposes of the Revenue & Taxation Code for a suspended corporation could then avail itself without right of the Court's process and assistance and pay up its taxes only when it would have the benefit of a favorable decision in such litigation.

"Judgment must be entered in favor of defendants herein."

Judgment for defendant was entered on March 22, 1976. Plaintiffs appealed. Defendants noticed a cross-appeal but abandoned that appeal in their brief. By separate order we dismissed the cross-appeal. In fact, inasmuch as the judgment was for defendants, there was nothing from which the defendants could cross-appeal.

On this appeal from the judgment however the defendants can and do assert that the trial court erred in finding the transaction to be usurious and that the judgment should be affirmed regardless of the merits of the plaintiffs' contention on appeal. (Code Civ. Proc., § 906; *Mott* v. *Horstmann*, 36 Cal.2d 388 [224 P.2d 11].)

Plaintiffs' primary contention on appeal is that the trial court erred in denying them judgment on the basis of the suspension of the corporate powers of La France Enterprises. We agree.

"[A]s to matters occurring prior to judgment the revival of corporate powers has the effect of validating the earlier acts and permitting the corporation to proceed with the action." (*Peacock Hill Assn.* v. *Peacock Lagoon Constr. Co.,* 8 Cal.3d 369, at p. 373 [105 Cal.Rptr. 29, 503 P.2d 285].) "On revivor of its corporate powers a corporation may continue an action commenced during the period of suspension and not previously dismissed, even though the opposing party pleaded the suspension prior to the revivor." (*A. E. Cook Co.* v. *K S Racing Enterprises, Inc.,* 274 Cal.App.2d 499, 500 [79 Cal.Rptr. 123].)

"[T]he purpose of section 23301 of the Revenue and Taxation Code is to put pressure on the delinquent corporation to pay its taxes, and that purpose is satisfied by a rule which views a corporation's tax delinquencies, after correction, as mere irregularities. . . . There is little purpose in imposing additional penalties after the taxes have been paid." (*Peacock, supra,* at p. 371.)

These principles would apply even though, as the trial court pointed out, the corporation here paid its taxes only after an indication of a favorable result in the case. The purpose of the rule was still served.

The judgment here must be affirmed if there is any theory upon which it can be sustained even though the trial court's reason for awarding the judgment was erroneous. (*Mott* v. *Horstmann, supra*; 6 Witkin, Cal. Procedure (2d ed.) pp. 4205-4208.)

We are of the opinion that the transaction here involved did not violate the usury law. The execution of the note for $3,200 was no different than if plaintiffs had paid $3,200 in cash as part of the purchase price of the business.

In *Lenes* v. *Dean,* 64 Cal.App.3d 845 [135 Cal.Rptr. 14], the purchasers of a business executed a note in favor of the seller in the amount of $227,513 and requiring monthly installment payments on principal plus interest at 20 percent per annum. It was there held that the interest was consideration for the sale or in other words part of the purchase price, hence, the transaction was not a loan within the purview of article XV, section 1 of the California Constitution.

That principle is applicable here. The transaction was a sale of a business. The fact that $3,200 flowed directly to the Van Der Lindens rather than through Pickard to the Van Der Lindens does not alter the basic character of the transaction. It was to Pickard's advantage to obtain the assumption of the note. He could have simply added $3,200 to the sale price and then transfer that money to the Van Der Lindens in consideration for their agreement to the assumption of the obligation by La France Enterprises.

■ Viewed another way the plaintiffs did not borrow any money from the Van Der Lindens. They were permitted to assume an existing obligation. The Van Der Lindens were under no obligation to permit the assumption. The $3,200 is a reasonable consideration for their agreeing to do so. The fact that they took the $3,200 in the form of a note as an accommodation to the plaintiffs should not work to their disadvantage. If they had exacted the fee in a lump sum payment in cash, plaintiffs would then be in no position to question the interest rate on the note—it being a legal 10 percent. Also it must be remembered that it was the plaintiffs who sought out the Van Der Lindens and proposed that arrangement.

The judgment is affirmed.

Roth, P. J., concurred.

**FLEMING, J.,** Concurring and Dissenting.—I agree that on the revivor of its corporate powers plaintiff La France Enterprises became eligible to obtain judgment, but I dissent from the court's refusal to allow plaintiff to recover payment of usurious interest. I would direct judgment in favor of plaintiff for $6,503, the amount of interest paid within two years of suit (Code Civ. Proc., § 339, subd. 1).

The transaction at bench is relatively simple. The buyer of a business (plaintiff La France Enterprises) financed its purchase by borrowing $42,490 from third parties (defendants Van Der Lindens) who were secured creditors in that amount of the seller of the business (Pickard). To obtain this sum plaintiff gave the Van Der Lindens a promissory note for the full amount borrowed, $42,490 at 10 percent interest with repayment guaranteed by individual owners of plaintiff buyer and by the seller Pickard, and also delivered a second promissory note for $3,200, payable by individual owners of plaintiff buyer to the Van Der Lindens at the rate of $75 a month. Plaintiff La France Enterprises made payments on both notes by single monthly checks, whose amounts exactly totalled 12 percent interest on the sum borrowed.

The California Constitution prohibits any charge in excess of 10 percent per annum for the loan or forebearance of money or things in action (art. XV, § 1). At bench the trial court found, and the evidence fully established, that the two promissory notes constituted one transaction, that the second promissory note was executed and delivered as an additional 2 percent interest on money borrowed at 10 percent under the first note, that plaintiff La France Enterprises made all payments on both notes, and that the transaction amounted to a loan of money at 12 percent interest. The court concluded the loan was usurious and that interest paid on the notes within two years prior to suit would have been recoverable if plaintiff had been entitled to bring suit.

The device of a second note to supplement a first note given for the full amount of the debt at the maximum rate of interest is a clear violation of the usury law, whether or not the second note is directly payable by the principal debtor and whether or not the second note is directly payable to the principal creditor. The general legal principle is that devices of form, no matter how ingenious, cannot be used to circumvent the substance of the usury law. (*Milana* v. *Credit Discount Co.* (1945) 27 Cal.2d 335 [163 P.2d 869, 165 A.L.R. 621]; *Terry Trading Corp.* v. *Barsky* (1930) 210 Cal. 428 [292 P. 474]; *Golden State Lanes* v. *Fox* (1965) 232 Cal.App.2d 135 [42 Cal.Rptr. 568]; *Clarke* v. *Horany* (1963) 212 Cal.App.2d 307 [27 Cal.Rptr. 901, 4 A.L.R.3d 643].)

Defendants attempt to justify payments on the second note as exempt from the usury law on two grounds: (1) the second note was given in connection with the purchase of a business and hence was not interest but part of the purchase price; (2) the second note constituted a prepayment bonus by the debtor to his creditor for the privilege of accelerating payment of the debt and hence did not amount to interest.

The assertion that the note was given as part of the purchase price in connection with the purchase of a business might have merit if the note had been given to Pickard, the seller of the business, as part of the purchase price for the business. But nothing of this sort happened, for the note was not given to the seller of the business or to one who possessed an equity in the business, but rather was given to secured creditors of the seller, and its sole consideration was the credit of $42,490, for which maximum interest had already been specified. The Van Der Lindens were not the owners of the business, were not entitled to sell the business, and were not in fact selling the business; their status was wholly that of secured creditors of Pickard. The facts clearly establish that the

sole consideration for the second note was the loan of $42,490 and that payments of $75 a month under the note constituted additional interest, which raised defendants' charge to plaintiff for borrowed money from 10 to 12 percent.

Defendants' also assert the $3,200 note represented a prepayment bonus for accelerated payment of a debt and is therefore not interest. This argument falls of its own weight, in that before plaintiff La France Enterprises' purchase of the business it owed no money to defendants Van Der Lindens and had no debt to prepay. Moreover, even after plaintiff's purchase, its note for $42,490 specifically permitted prepayment at any time in that the note specified monthly payments in a given sum "or more." Such terms in a note authorize repayment of the debt at any time. (*Record etc. Co.* v. *Pageman Hold. Corp.* (1954) 42 Cal.2d 227 [266 P.2d 1].)

Defendants seem to suggest that the $3,200 note given the Van Der Lindens should be considered a prepayment bonus paid by Pickard in connection with repayment of *his* debt to the Van Der Lindens on the consummation of *his* sale of the business to plaintiff. But no evidence appears in the record to establish that Pickard fell under any prepayment obligation for accelerated payment of his debt to the Van Der Lindens or even to show that payment was in fact accelerated. Absent such an obligation, the Van Der Lindens would not have been entitled to exact usurious interest from Pickard to cancel his note any more than they were entitled to exact it from plaintiff. The transaction would be equally usurious whether $3,200 had been paid on behalf of plaintiff to Pickard and then by Pickard to defendants or, as here, was being paid directly to the Van Der Lindens. The sole difference would lie in the identity of the person who had the right to recover usurious interest.

I would reverse the judgment in favor of defendants and direct entry of judgment in favor of plaintiff for $6,503.

A petition for a rehearing was denied June 29, 1977. Fleming, J., was of the opinion that the petition should be granted.